| | |
|---|---|
| KAREN SWEETING,<br>Plaintiff,<br>291a Upper Bay Road,<br>Sanbornton, NH 03269<br><br>v.<br><br>RIGEL PHARMACEUTICALS, INC.,<br>Defendant.<br>1180 Veterans Blvd., San Francisco, CA 94080 | Case No.: 1:23-cv-232<br><br>**COMPLAINT**<br><br>[Demand for Jury Trial] |

1. Now Comes Plaintiff Karen Sweeting and brings this action against Defendant Rigel Pharmaceuticals, Inc., for abridging Plaintiff's constitutionally and statutorily protected rights guaranteed by Title VII of the Civil Rights Act of 1964, and the New Hampshire Law Against Discrimination. Plaintiff seeks damages for violation of her fundamental civil rights.

JURISDICTION AND VENUE

1. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343 because the Defendant has violated Plaintiff's civil rights; and 42 U.S.C. § 2000e-5(f)(3), which confers original jurisdiction on federal district courts to address the deprivation of rights, privileges, and immunities secured by the United States Constitution and federal law, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

1

2.  Rigel violated Mrs. Sweeting's rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act, 42 U.S. C. §2000e et seq., in particular 42 U.S. C. §2000e(j), and New Hampshire's law against discrimination, RSA 547-A:7.

3.  Title VII (42 U.S.C. § 2000e-2(a)(1)) requires employers to adhere to certain employment standards. It makes it unlawful for an employer to discharge an individual based upon that person's religious beliefs or practices. Once an employer is on notice that a religious accommodation is needed, Title VII requires that the employer "make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." EEOC v Firestone Fibers & Textiles Co., 515 F.3d 307, 312 (4th Cir. 2008); 42 U.S.C. § 2000e(j). Title VII requires only reasonable accommodation, not "satisfaction of an employee's every desire." Rodriguez v City of Chicago, 156 F.3d 771, 776 (7th Cir. 1998).

4.  Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the U.S. Constitution.

5.  This Court has the authority to award Plaintiff's attorneys' fees and costs associated with this action pursuant to applicable laws.

6.  Venue is proper within this judicial district and division, pursuant to 28

U.S.C. §1391(b) because the relevant events have occurred in this jurisdictional district.

## FACTS: THE COVID-19 VACCINE MANDATE

7. Plaintiff Karen Sweeting was at all relevant times to this action an employee of Rigel, working as a sales representative in New Hampshire and New England.

8. Rigel is an employer under RSA 547-A.

9. Mrs. Sweeting is s a Christian who believes in the sanctity of life. She objects to taking the COVID-19 vaccines because they are derived from aborted fetal stem cells, in direct contradiction to her Christian faith. She had been working full time during the height of the pandemic.

10. On October 15, 2021, Rigel terminated Mrs. Sweeting's employment on the basis that she asserted her religious objections to the COVID-19 vaccines.

11. Mrs. Sweeting objected to Rigel's mandating its employees be vaccinated in order to remain in Rigel's employment.

12. Mrs. Sweeting complied with Rigel's request that she file a request for an exemption from the vaccine mandate. In her September 3, 2021 exemption request, Mrs. Sweeting explained her sincere religious objections to the vaccines, including letters from her pastors explaining her Christian denomination's sincere religious beliefs, information concerning her religious beliefs, and her objection to the violation of her bodily autonomy that Rigel's mandate imposed.

13. Rigel denied her request for a religious exemption to its vaccine mandate by letter dated October 1, 2021. Mrs. Sweeting immediately asked Rigel to reconsider. She pointed out that Rigel's denial is unreasonable and violated her rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act, 42 U.S. C. §2000e et seq., in particular 42 U.S. C. §2000e(j), and New Hampshire's law against discrimination, RSA 547-A:7.

14. Rigel's October 1, 2021, denial letter states that providing reasonable accommodations to Mrs. Sweeting's religious objections to the COVID-19 vaccines would pose an undue hardship on Rigel. However, Rigel's denial failed to provide any substantiating facts to support that contention.

15. On the contrary, Mrs. Sweeting pointed out to Rigel that its own website and corporate sales data shows just the opposite, and Mrs. Sweeting's own sales performance was not detrimentally affected by her working remotely. Rigel provided no data to supports its assertion to Mrs. Sweeting: "Your job cannot be performed as effectively in a virtual setting."

16. Rigel also stated that it would face undue hardship if Mrs. Sweeting did not meet prospects face to face. Mrs. Sweeting pointed out that the largest industry educational association, the Northern New England Clinical Oncology Society, was conducting its October 2021 meeting virtually, and the Society's annual meeting in January 2022 was to be held both virtually and live. Rigel presented no

4

evidence that Mrs. Sweeting could not be accommodated with virtual meetings.

17. Rigel asserted that its mandate was based on science. But it failed to address the specific scientific facts Mrs. Sweeting identified in her accommodation requests that undercut its rationale for the COVID-19 vaccine mandate.

18. Rigel failed to present any scientific evidence justifying its mandate or how it made sense in light of the COVID 19 Delta variant's ability to infect the vaccinated.

19. Rigel did not bother to respond to Mrs. Sweeting's evidence that demonstrated her reliance on science to support the reasonableness of her religious objections to the vaccine mandate and thus the reasonableness of her request for an exemption or at least an accommodation.

20. Rigel's denial demonstrated an animus against Mrs. Sweeting's religious beliefs. Mrs. Sweeting never denied a belief in science or in vaccines. She cited scientific sources for her objections to Rigel's policies. Her understanding of the science of the COVID-19 vaccines, how they were created, researched, and tested, was essential to her being able to articulate why she opposed the vaccine mandate on her religious beliefs.

21. Ignoring these obvious facts, Rigel had the temerity to assert that Mrs. Sweeting was not an appropriate salesperson for Rigel, a pharmaceutical company, because she was "fundamentally opposed to vaccines and/or medical intervention."

That statement was false.

22. Rigel's statement demonstrates a fundamental bias against religious belief. Further evidence of Rigel's animus toward Mrs. Sweeting's religious beliefs is its notifying the State of New Hampshire that she was terminated for "misconduct".

23. Her only alleged wrongful conduct was requesting a religious exemption and accommodation from her employer. She was denied unemployment benefits due to Rigel's spiteful conduct.

24. Rigel rejected Mrs. Sweeting's request that it reconsider its decision to deny her a religious exemption for the COVID-19 vaccination mandate.

25. Rigel also denied her requests for accommodations including (1) working virtually, (2) wearing a mask when meeting in person if her client so requires; and (3) Rigel can provide her testing for COVID-19 on a reasonable basis. Instead, Rigel illegally terminated Mrs. Sweeting's employment on October 15, 2021.

26. In addition, Rigel violated Mrs. Sweeting's religious rights by providing more favorable accommodation to other employees for non-religious purposes.

27. Rigel accommodated Mr. Kevin Stafford's request for a medical exemption. Mr. Stafford is the Rigel Territory Business Manager in Atlanta, Georgia. This is the same position that Mrs. Sweeting filled when she was employed in the Boston area, as the Boston Territory Business Manager.

28. Rigel terminated Mrs. Sweeting for her refusal to violate her fundamental

rights causing her economic harm and severe emotional distress.

**COUNT 1: Violation of Title VII of the Civil Rights Act of 1964**

29. All preceding paragraphs are incorporated and realleged as though fully set forth herein.

30. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., provides broad workplace protections for people of sincere religious faith.

31. Among other protections, it is generally unlawful for an employer to "exclude or to suspend an employee, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c)(1).

32. Within this framework, Title VII requires an employer to reasonably accommodate an employee's sincere religious observances and practices, unless such an accommodation would impose an undue hardship on the employer. "Reasonable accommodation" means a modification r adjustment to the workplace that enables the employee to perform essential functions of the job held or desired.

33. Pursuant to 42 U.S.C. § 2000e(j), "religion" in the employment context is defined as "all aspects of religious observance and practice, as well as belief." In view of this broad definition by Congress, it cannot be said that any employer covered by Title VII may legally or constitutionally require an employee to belong to any "bona-fide" religious organization as a condition for receiving an

accommodation.

34. Title VII protects the Plaintiff's rights to request religious or medical accommodations, as needed. The employer is required to evaluate the request and determine through an interactive process whether reasonable accommodations can occur and the employee must be provided a reasonable opportunity to submit such requests. Rigel has utterly failed to make reasonable accommodations for the Plaintiff's religious accommodation requests. Given that employees could submit to daily health screenings, wearing masks, quarantining, and telecommuting for work, those requests for accommodation would not amount to an undue hardship on the Defendant. Such adjustments to the workplace would enable Mrs. Sweeting to perform the essential functions of her job.

35. Mrs. Sweeting's right to free exercise of religion under Title VII cannot be conditioned on the Defendant's irrational mandates. As a Christian who believes in the sanctity of life she will not take vaccines derived from aborted fetal cell lines. Defendant, in denying the Plaintiff's exemption, coerce the Plaintiff into choosing employment over her faith. That coercion is harmful in and of itself.

36. As a result of Defendant's discriminatory actions, Plaintiff has suffered harm and is entitled to recover damages including but not limited to mental suffering, past and future lost earnings and benefits, attorneys' fees and costs, and other compensatory damages in an amount according to proof

**Count 2:  Violation of RSA 547-A**

37.  All preceding paragraphs are incorporated and realleged as though fully set forth herein.

38.  Under RSA 547-A it is an unlawful employment practice for an employer to discriminate against any employee or other covered person because of a conflict between the person's religious belief or observance and any employment requirement, unless the employer demonstrates that it has explored any available, reasonable means of accommodating the religious belief or observance, including the possibilities of excusing the person from those duties that conflict with her belief and observance.

39.  Plaintiff is a person and was an employee of Rigel within the meaning of RSA 547-A.

40.  Rigel was at all times relevant herein an employer for the purposes of RSA 547-A.

41.  Plaintiff was able to perform the essential functions of her job with Defendant and had been doing so successfully and commendably including working during the height of the pandemic.

42. The position for which Plaintiff was hired did not mention mandatory vaccines in the job posting, description, or essential duties.

43.  Nevertheless, the mandates at issue make clear that accepting certain

vaccines are suddenly a de facto expectation for Plaintiff's position.

44. Plaintiff has a strong, sincerely held religious belief that taking the COVID-19 vaccines would be morally wrong for her. This is due to the fact that as Christians she has a duty to uphold the sanctity of life and she wants no part of vaccines that are derived from aborted fetal cell lines.

45. Plaintiff notified her supervisors of the conflict and requested accommodations and was denied.

46. A reasonable accommodation would have permitted Plaintiff to continue performing her essential functions as she had been doing long before the COVID 19 pandemic.

47. Rigel refused to explore available reasonable alternatives to the stated vaccine requirement or engage in any timely, interactive, meaningful, or good faith process with Plaintiff to ascertain whether, in light of her extensive background and experience, she could in fact perform the essential functions of her position without being vaccinated.

48. Defendant's refusal to accommodate, or even explore possible accommodation of Plaintiff's religious beliefs, was a substantial motivating factor in Defendant's decision to terminate Plaintiff's employment.

49. Defendant intentionally violated Plaintiff's rights with malice because it wanted to coerce the Plaintiff into choosing between her faith and continued

employment.

50. As a result of Defendant's discriminatory actions, Plaintiff has suffered harm and is entitled to recover damages including but not limited to mental suffering, past and future lost earnings and benefits, and other compensatory damages in an amount according to proof.

WHEREFORE, Plaintiff Karen Sweeting respectfully requests **A TRIAL BY JURY** and that the Court grant the following relief:

A. Grant her compensatory damages in an amount according to proof;

B. Grant her enhanced compensatory damages in light of the Defendant's malicious and discriminatory conduct;

C. Grant her attorneys' fees and costs; and

D. Grant her any other relief the Court deems equitable and just.

        Respectfully submitted,

        KAREN SWEETING

        By Her Attorneys,

        ROY S. McCANDLESS, ESQ., PLLC

        /s/ Roy S. McCandless
        Roy S. McCandless, NH Bar No. 11850
        roysmccandless@gmail.com
        125 N. State Street, P.O. Box 3716
        Concord, New Hampshire 03302
        Telephone: (603) 841-3671